## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**JAQUANN WRIGHT**                                                                        **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 1:21-CV-P79-GNS**

**PHIL GREGORY** *et al.*                                                  **DEFENDANTS**

### MEMORANDUM OPINION

This is a *pro se* prisoner 42 U.S.C. § 1983 civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff Jaquann Wright was formerly incarcerated as a convicted prisoner at the Logan County Jail (LCJ). He names as Defendants four LCJ officials whom he sues in both their official and individual capacities – Jailer Phil Gregory, Chief Deputy Benny Kinney, Captain E. White, and Captain F. Sincara. Plaintiff alleges that several of his constitutional rights were violated during his incarceration at LCJ. As relief, Plaintiff seeks damages.

### II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Due Process Claims

Plaintiff alleges that Defendants Gregory, Kinney, White, and Sincara violated his constitutional right to due process when he was not allowed to defend himself at a disciplinary hearing. He states that he was "found guilty" and "given punishment" outside of his presence. Plaintiff does not state what punishment he received at this disciplinary hearing but elsewhere in the complaint he alleges that he was placed in segregation for nine days - from April 6, 2021, through April 14, 2021. In another section of the complaint, Plaintiff alleges that that he "lost community custody without any type of classification hearing" as a result of his alleged disciplinary infraction. The Court will assume for purposes of this initial review that these consequences form the basis of Plaintiff's due process claims.

To determine whether segregation of an inmate from the general prison or jail population involves the deprivation of a liberty interest protected by the Due Process Clause of the

Fourteenth Amendment, the Court must determine if the segregation imposes an "'atypical and significant' hardship on the inmate 'in relation to the ordinary incidents of prison life.'" *Jones v. Baker*, 155 F.3d 810, 811 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). Under various circumstances, courts have found that confinement to administrative segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. *See, e.g.*, *Jones*, 155 F.3d at 812-13 (holding that two years of segregation while inmate was investigated for murder of prison guard in riot did not implicate a liberty interest entitling him to due process); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (concluding that more than a year in administrative segregation did not implicate inmate's due process rights); *Webb v. Bucholtz*, No. 1:20-cv-1036, 2021 U.S. Dist. LEXIS 39326, at *4-7 (W.D. Mich. Mar. 3, 2021) (holding that pretrial detainee's ten-month placement in segregation failed to implicate a liberty interest entitling him to due process); *cf. Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (holding that the prisoner's eight-year confinement in segregation was of "atypical duration" and thus "created a liberty interest that triggered his right to due process").

In light of this jurisprudence, the Court concludes that Plaintiff's nine-day placement in segregation did not constitute an atypical and significant hardship triggering his right to due process. As such, Plaintiff's due-process claims against Defendants Gregory, Kinney, White, and Sincara based upon his placement in segregation despite the alleged deficiencies of his misconduct hearing fail to state a claim upon which relief may be granted.

The Court next turns to Plaintiff's allegation that he "lost community custody without any type of classification hearing" as a result of his alleged misconduct. The Court finds that this allegation also fails to state a claim a claim upon which relief may be granted because both the Supreme Court and the Sixth Circuit have indicated that prisoners do not have a liberty interest

in a particular security classification triggering their right to due process. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *see also Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that prisoner had no constitutional right to be held in a specific security classification); *Carter v. Tucker*, 69 F. App'x 678, 679 (6th Cir. 2003) (same) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)).

Thus, the Court will dismiss Plaintiff's Fourteenth Amendment due process claims for failure to state a claim upon which relief may be granted.

### B. Equal Protection Claim

The Court next turns to Plaintiff's claim that his right to equal protection was violated when he was the only inmate punished for a "messy dorm" in which other inmates were ostensibly housed. The Equal Protection Clause of the Fourteenth Amendment prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). The threshold element of an equal-protection claim is disparate treatment. *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006); *see also Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'"). An "equal protection" plaintiff must be similarly situated to his comparators "in all relevant aspects. . . ." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *see also Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 460 (6th Cir. 2011)

(holding that to be a similarly-situated person, "the comparative [prisoner] 'must have dealt with the same [decisionmaker], have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or [the defendant's] treatment of them for it.'") (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)).

Here, Plaintiff alleges that he was the only inmate punished for a "messy dorm." In light of the above jurisprudence, the Court concludes that this allegation of disparate treatment is too conclusory to state an equal-protection claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Thus, the Court will dismiss Plaintiff's Fourteenth Amendment equal-protection claim for failure to state a claim upon which relief may be granted.

### C. Conditions-of-Confinement Claims

Plaintiff also seems to allege that his rights were violated under the Eighth Amendment because he was not allowed a clean t-shirt or boxers and because his mattress and blankets were taken from 8 a.m. to 12 p.m. for the nine days he was in segregation.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for

prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. 337, 347 (1981). The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of segregation cannot establish an Eighth Amendment violation. *See Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008).

Based upon this jurisprudence, the Court concludes that the temporary inconvenience of a not having clean clothes or a mattress for certain hours of the day during Plaintiff's nine-day placement in segregation fails to state a claim upon which relief may be granted. *See, e.g.*, *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (holding "the deprivation of a mattress and bedding for a fixed period of time does not violate the Eighth Amendment"); *Hill v. Matthews*, No. 1:19-cv-853, 2020 U.S Dist. LEXIS 17221, at *28-30 (W.D. Mich. Jan. 31, 2021) (finding no Eighth Amendment claim based on allegation that the plaintiff had to wear the same clothes throughout two weeks in segregation).

Thus, the Court will dismiss Plaintiff's Eighth Amendment conditions-of-confinement claims for failure to state a claim upon which relief may be granted.

### D. Deliberate Indifference to Safety Claims

Finally, the Court turns to Plaintiff's claims that he was "put in harm's way" when he was forced to use the same shower as inmates who had been placed in quarantine due to COVID-

19 and "to use the mattresses that were laying in the floor all day among inmates who were suspected of having COVID without the mats being properly cleaned."

"The [Eighth] Amendment . . . imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials . . . must take reasonable measures to guarantee the safety of the inmates . . . ." *Farmer v. Brennan*, 511 U.S. 825, 932-33 (1994) (internal quotation marks and citations omitted); *see also Helling v. McKinney*, 509 U.S. 25, 33 (1993) (holding that the Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety'") (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989)).

Eighth Amendment claims for deliberate indifference to safety require the plaintiff satisfy both an objective and subjective component. *Helling*, 509 U.S. at 35. To satisfy the objective component for a claim based upon a failure to prevent harm, "the inmate must show he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citations omitted). "To satisfy the subjective component, an inmate must show that prison officials had a sufficiently culpable state of mind." *Berksire v. Beauvais*, 928 F.3d 520, 535 (6th Cir. 2019) (internal quotation marks and citations omitted). The Sixth Circuit has explained the subjective component as follows:

> [The] state of mind is one of deliberate indifference to inmate health or safety. Although the deliberate indifference standard describes a state of mind more blameworthy than negligence, this standard is satisfied if the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id*. (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (internal quotation marks and citations omitted)).

For purposes of the initial review only, the Court will assume that the objective component of the standard is satisfied. *See, e.g.*, *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020) (recognizing that the "[t]he COVID-19 virus creates a substantial risk of serious harm leading to pneumonia, respiratory failure, or death"). Plaintiff, however, has failed to make any allegations with regard to the second prong – allegations which suggest that any named Defendant acted with deliberate indifference to his safety regarding the possibility of his exposure to COVID-19.

Thus, the Court will also dismiss Plaintiff's claims for deliberate indifference to his safety for failure to state a claim upon which relief may be granted.

### IV.

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date: September 3, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Logan County Attorney
4416.011